|  |  |
|---|---|
| 62-64 KENYON STREET, HARTFORD LLC,<br>     Plaintiff,<br><br>     v.<br><br>CITY OF HARTFORD,<br>     Defendant. | No. 3:16-cv-00617-VAB |

**RULING ON MOTION FOR RECONSIDERATION**

62-64 Kenyon Street Hartford, LLC, ("Kenyon Street" or "Plaintiff"), a Connecticut

limited liability company that operated a rooming on Kenyon Street in Hartford, and its sole

member, Paul Rosow, filed this lawsuit alleging violations of statutory and constitutional rights

by the City of Hartford ("the City" or "Hartford"). The Rooming House moves for

reconsideration of this Court's December 29, 2017 Ruling on Defendant's Motion for Summary

Judgment. *See* Pl. Mot. for Reconsideration, ECF No. 60; Ruling on Defendant's Motion for

Summary Judgment ("December Ruling"), ECF No. 58 (finding Mr. Rosow lacked standing and

granting summary judgment on all counts).

For the reasons stated below, the motion is **GRANTED** in part and **DENIED** in part. The

Court will allow additional supplemental briefing on the vagueness, Commerce Clause and

takings claims.

## I.    FACTUAL[1] AND PROCEDURAL HISTORY

Plaintiff Kenyon Street operated a rooming house at 62-64 Kenyon Street in Hartford, Connecticut ("Rooming House"). Plaintiff Rosow purchased the property in 1986, but later transferred the property to Kenyon Street, a limited liability company of which he was the sole member. December Ruling at 2. In 2014, Mr. Rosow moved to Arizona and he began trying to sell the property. *Id.* at 2–3.

On July 13, 2015, the City of Hartford enacted an ordinance that required that any individual seeking a license to operate a rooming house must reside at the rooming house in order to obtain a license within certain zones in the city. 26(f) Rep. ¶ 8, ECF No. 18.While the text of the ordinance applied to all rooming houses within those zones, 62-64 Kenyon Street was the only rooming house that was affected by the change. *Id*. ¶ 18.

Mr. Rosow and Kenyon Street filed this lawsuit, alleging the City had wrongfully targeted him by enacting a residency requirement that only applied to the rooming house. *See generally* Compl., ECF No. 1. He alleged that the ordinance was unconstitutional and violated the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*. *See* Compl. ¶¶ 68-74, 81-84. He also alleged violations of the Connecticut's state Constitution, the Connecticut Fair Housing Act, C.G.S. § 46a-36 *et seq*., and state zoning laws. Compl. ¶¶ 80-81, 85-87. The City moved for summary judgment on all counts. Def. Mot. Summ. J., ECF No. 44.

This Court granted summary judgment. *See generally* December Ruling. First, it dismissed Mr. Rosow as a plaintiff, finding that he lacked standing because the house had been

---

[1] The Court draws from the factual information laid out in greater depth in its earlier ruling. *See* December Ruling at 1-5.

transferred to a limited liability company and, under Connecticut law, the company was the proper plaintiff. December Ruling at 9.

Second, it dismissed the constitutional violations alleged in Count I.  Kenyon Street had alleged the zoning ordinance unreasonably burdened interstate commerce, violated the Equal Protection Clause "and/or" the Due Process Clause of both the Connecticut and United States Constitutions because it lacked a rational basis, was "unconstitutionally void for vagueness," and constituted an "unfair taking of the Plaintiff's Rooming House License and property." Compl. ¶ 72. The Court found that the City's justification for the ordinance provided a rational basis and that Plaintiff had submitted no evidence of comparators, defeating both Plaintiff's class-of-one and selective enforcement arguments brought under the Equal Protection Clause. December Ruling at 14, 15–17.

Finally, the Court granted summary judgment with respect to the federal Fair Housing Act Claim and declined to exercise supplemental jurisdiction over Kenyon Street's state law claims. *Id.* at 18–21.

Plaintiff Kenyon Street now moves for reconsideration of the summary judgment ruling. It does not challenge dismissal of the state law claims, those under the Fair Housing Act, or of Mr. Rosow as a party. Instead, Plaintiff challenges the Court's disposition of what was labelled Count I in the Complaint, but contains a series of separate and distinct theories of liability for constitutional violations and brought under 42 U.S.C. § 1983. *See generally* Pl. Mem. in Support, ECF No. 60.

## II.    STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that

the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court. *See Shrader*, 70 F.3d at 257 ("a motion for reconsideration should not be granted where the moving party seeks solely to re-litigate an issue already decided.").

## III. DISCUSSION

Plaintiff moves for reconsideration on two grounds. First, it argues that the Court wrongly granted summary judgment with respect to its equal protection claims on the merits. Second, it argues that it was not on notice that the other alleged constitutional claims would be at issue, and therefore the Court wrongly granted summary judgment without providing notice. Defendant filed a short response, briefly addressing each of the additional claims and arguing that summary judgment was appropriate.

Plaintiff's motion largely seeks to re-litigate issues the Court already decided. To the extent that Plaintiff feels it was not on adequate notice, however, the Court will provide a limited opportunity for further briefing, only with respect to those claims. These include the void-for-vagueness and takings claims, and the claim under the Commerce Clause.

### A. Equal Protection

Plaintiff first seeks to re-litigate the equal protection claims. Pl. Mem. at 12, 17. With respect to its class-of-one theory, Plaintiff again relies primarily on its argument that the City

targeted the Rooming House. Pl. Mem at 16–17. These are the same arguments that Plaintiff

raised in opposing the motion for summary judgment and, indeed, the Plaintiff notes that its

arguments "are not new arguments that were not previously advanced." Pl. Mem. at 17.

Reconsideration is inappropriate where "the moving party seeks solely to re-litigate an issue

already decided." *Shrader*, 70 F.3d at 257.

The Court's decision regarding equal protection rested on two conclusions. December

Ruling at 14, 15-17. First, for class-of-one, the Court noted that the City had provided a rational

basis for distinguishing between the rooming house and other properties, as evidence by the

memo and as evidenced in part by the complaints about the rooming house in the record.

December Ruling at 14. There might have been a disputed issue of material fact — whether the

rationale the city provided was pretextual — had there been some record evidence that other

rooming houses elsewhere in the city had similar complaints and the city chose not to enact a

similar ordinance with respect to those houses. *Id.* But that evidence was not in the record, and

Plaintiff points to no evidence the Court overlooked.

Second, the Court noted that the record contained no evidence about comparators and

therefore both the class-of-one and selective enforcement claims would fail. December Ruling at

14, 16. At reconsideration, Kenyon Street seems to suggest, in conclusory fashion, that there are

potential comparators. Pl. Mem. at 17 ("[T]here was no dispute that there are other rooming

houses in residential neighborhoods in the City that are similarly situated to the Rooming House

in all material respects for purposes of satisfying the similarly situated element of the Equal

Protection claims."). Nevertheless, there is no evidence in the record about these comparators,

much less an adequate evidentiary basis to demonstrate "an extremely high degree of similarity

between themselves and the persons to whom they compare themselves." *Ruston v. Town Bd. for*

*Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).[2] Summary judgment was therefore

appropriate. *See, e.g., Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006) ("A court may

grant summary judgment in a defendant's favor on the basis of lack of similarity of situation,

however, where no reasonable jury could find that the persons to whom the plaintiff compares

itself are similarly situated.").

### B.      Other Constitutional Claims

Plaintiff also moves for reconsideration on the other constitutional violations alleged in

Count One of the Complaint. Its argument is one predominately of notice: Defendant's filings

were insufficient to place Plaintiff on notice that claims other than the equal protection claims

were at issue. Pl. Mem. at 7. Therefore, "the Court essentially made a judgment independent of

the Motion before it" and "Plaintiff did not have the requisite opportunity to respond and did not

believe it had to respond . . . ." to these other claims. *Id.*

Plaintiff, however, failed to file a Local Rule 56(a)(2) statement. *See* L. Civ. R. 56(a)(3)

(noting, following failure to comply with Local Rule 56, court may "grant[] the motion if the

motion and supporting materials show that the movant is entitled to judgment as a matter of

law."). By failing to file such a statement, the Court could review the record, where Defendant

had moved on "all" claims, and determine that judgment was appropriate as a matter of law.

In any event, Defendant's filings at summary judgment did not address the takings,

Commerce Clause, or vagueness theories and, as a result, the Court will grant the motion for

reconsideration and permit further briefing with respect to these three constitutional claims.[3]  *Cf.*

---

[2] As addressed in the Court's December Ruling, Plaintiff's claims fail because of this lack of
evidence, even if one assigns a different standard on the selective enforcement claim. December
Ruling at 16.

[3] The same is not true of the due process claim. Defendant's motion for summary judgment
placed Plaintiff on notice that the City was seeking dismissal of the due process claims. *See* Def

*Nick's Garage Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 116-18 (2d Cir. 2017) (finding summary judgment was inappropriate, absent additional notice, on theories raised in the complaint but not addressed by defendant in filings); *see also* Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may . . . grant the motion on grounds not raised by a party; or . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.").

The Court therefore will permit either side to file supplemental briefing, simultaneously, as to whether the takings, Commerce Clause, and vagueness claims should be dismissed:

- Initial filing due by July 13, 2018.

- Response to any initial filing due by July 27, 2018.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion for reconsideration is **GRANTED** in part and **DENIED** in part.

The parties shall submit supplemental filings addressing the vagueness, takings, and Commerce Clause claims by July 13, 2018 and any response to these supplemental filings, if any, by July 27, 2018.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of June 2018.

/s/ Victor A. Bolden

Victor A. Bolden
United States District Judge

---

Mem. at Def. Mem. in Support of Mot. Summ. J. at 5, ECF No. ("A civil rights claimant making a due process claim in a land use case must meet the clear entitlement test, which asks whether there is a certainty or a very strong likelihood that the application in question would have been granted, but for the wrongful conduct of the local officials."). Therefore, the motion for reconsideration is denied with respect to any due process claim.